UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE IMAGING, INC.,
d/b/a COMPUTER IMAGING SUPPLY
and MEDIA WAREHOUSE, AMERICAN
BILLING & COLLECTION, INC.,
d/b/a ABC PLATINUM DIRECT,
STARLINE COMMUNICATIONS
INTERNATIONAL, INC., U.S.                  Case No. 08-cv-11363
INTERSTATE DISTRIBUTING, INC.,
                                           HONORABLE STEPHEN J. MURPHY, III
      Plaintiffs,

v.

FIRST INDEPENDENCE BANK,

      Defendant.
                                           /

**ORDER DENYING DEFENDANT'S MOTION TO QUASH PLAINTIFFS' REQUEST
FOR THE PRODUCTION OF INFORMATION FROM FIDELITY INFORMATION
SERVICES, INC./CETERGY AND FOR PROTECTIVE ORDER** (docket no. 88)

     Trial in the case begins April 12, 2010 and the parties are still engaging in discovery. Plaintiffs are in the process of deposing Sandra Brady of Fidelity Information Services, Inc./Cetergry ("Cetergry"), a non-party. From 2002 to 2007, Cetergy processed credit card transactions on behalf of Defendant under Defendant's Merchant Processing Program, of which Plaintiffs allege they were members. Plaintiffs contend that they have long sought from Defendant information relating to the Merchant Processing Program but Defendant has refused to provide any. As a result, Plaintiffs allege, they have been forced to issue subpoenas to non-parties, like Cetergy, in order to obtain this information.

     To this end, Plaintiffs issued a subpoena to Cetergy on September 9, 2009 seeking, among other things, "any and all documents related to, and including, any agreements or contracts of any kind between [Defendant] and [Cetergy]." Docket no. 88, Ex. A. Then on

October 6, 2009, Plaintiffs issued a subpoena and notice of deposition duces tecum to Cetergy asking for production of the same information. Docket no. 88, Ex. B.

On March 26, 2010, Plaintiffs issued a subpoena and notice of video deposition duces tecum to Sandra Brady of Cetergy. The deposition began April 5, 2010 and is scheduled to resume today. During the deposition, counsel for Plaintiffs requested that Brady produce a list of all merchants whose credit card transactions were processed by Cetergy on behalf of Defendant. Brady said she had such a list and would produce it. Defendant's counsel objected on the basis of relevancy, confidentiality, and because Defendant has a proprietary interest in such information. Plaintiffs contend that because of an improper instruction by Defendant, Cetergy has now refused to produce the list.

On April 6, 2010, Defendant filed a motion to quash Plaintiffs' request for this list and for a protective order. Defendant reiterates its contention that the list is irrelevant and includes confidential and proprietary information to both Defendant and the merchants whose credit card transactions were processed by Cetergy on behalf of Defendant. Defendant also contents that the information sought is untimely, overly broad and not likely to lead to the admissible evidence, and beyond the scope of any of the subpoena's issued so far. Def. Mot. ¶ 11. Defendant seeks to preclude Plaintiffs from obtaining any information from Cetergy that Defendant considers proprietary or confidential.

## DISCUSSION

The Federal Rules of Evidence provide a very liberal standard for discovery. Provided the information sought is not privileged or otherwise limited by court order, it need only be "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiffs allege that the merchant list is relevant and the Court agrees. First, the Merchant Processing Program itself is relevant to the case and many of Plaintiffs' claims. One of Defendant's defenses

it intends to raise with respect to the contract claims is that it could not have had a contract with Plaintiffs because, being in the adult telephone service, Plaintiffs were "high risk" merchants prohibited from being part of Defendant's Program. The business nature of the other merchants part of Defendant's Program, therefore, is relevant to the credibility of this defense. Moreover, Defendant intends to argue that Plaintiffs' relationship with Carl Smith and U.S. Bankcard (non-parties) did not result in a relationship with Defendant under the Merchant Processing Program. A list of merchants, consequently, is relevant to this defense and will permit Plaintiff to counter this defense. If there are many merchants on the list with whom Defendants deny a relationship, Plaintiff will be able to impeach the credibility of this defense. Accordingly, the information is directly relevant to claims and defenses in this case.

Though relevant, the Court *must* quash a subpoena if it requires disclosure of privileged matters (unless an exception applies), and *may* quash a subpoena if requires disclosing a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(c)(3)(A)-(B). Defendant cites both rules in support of its motion, but relies primarily on the permissive section. Specifically, Defendant contends that the documents sought by Plaintiffs contain information that is "both confidential and proprietary. These documents include confidential financial information, proprietary business information in addition to closely-guarded trade secrets." Def. Br. at 3.

With respect to a claim of privilege, the party asserting the privilege bears the burden of establishing the privilege exists. *Ross v. City of Memphis*, 423 F.3d 596, 606 (6th Cir. 2005). A party's mere assertion that certain information is privileged is insufficient to meet this burden. *Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06 CV 2622, 2007 WL 2344750, *3 (N.D. Ohio Aug. 15, 2007). The Court finds that Defendant's blanket assertion of privilege regarding the merchant list is insufficient to meet its burden of proving privilege.

Defendant has failed to articulate a basis of privilege such that the Court must quash the subpoena in accordance with Fed. R. Civ. P. 45(c)(3)(A)(iii).

The Court also does not find that it should, under Fed. R. Civ. P. 45(c)(3)(B)(i), quash the subpoena for improperly seeking information that is a trade secret or other confidential commercial information. Defendant contends that a list of merchants is a customer list that may constitute a trade secret such that disclosure would "surely cause" Defendant and Cetergy to suffer irreparable damage within the credit card processing industry. Defendant does not describe why or in what way it would suffer any such injury. The Merchant Processing Program ended in 2007, so the information can have no effect on the current relationships Defendant had with merchants, unless the Merchants still have some relationship with Defendants, which Defendant does not assert. Furthermore, Sandra Brady already stated that Cetergy could produce the list with little inconvenience. It is *Defendant* -- and not Cetergy -- that objects to producing the list. Because Defendant has failed to persuade the Court to quash a subpoena, which seeks highly relevant information, the Court will not do so.

For the same reasons, the Court will not issue a protective order pursuant to Fed. R. Civ. P. 26(c). To alleviate Defendant's concerns over the alleged proprietary nature of the list, however, Plaintiff has agreed to allow the merchant list to be marked as "confidential" and subject to the parties' stipulated protective order entered on December 15, 2008. Docket no. 19. The Court will so order.

The Court also notes that Defendant never objected to the initial subpoena or the notice of deposition duces tecum issued to Cetergy, both of which requested production of "any and all documents related to, and including, any agreements or contracts of any kind between [Defendant] and [Cetergy]." This request clearly includes a list of merchants serviced by Cetergy on behalf of Defendant, so it cannot be said that Defendant just

4

recently learned of the request for the merchant list. The list is clearly within the scope of the subpoenas issued to Cetergy. Defendant's objection comes very late in the day in the view of the Court, and the Court will deny Defendant's motion.

**WHEREFORE** it is hereby **ORDERED** that Defendant's motion to quash Plaintiffs' request for the production of information from Cetergy and for a protective order (docket no. 88) is **DENIED.** The information requested by Plaintiffs should be produced in accordance with the protective order in place in this case (docket no. 19).

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager