UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE IMAGING, INC.,
d/b/a COMPUTER IMAGING SUPPLY
and MEDIA WAREHOUSE, AMERICAN
BILLING & COLLECTION, INC.,
d/b/a ABC PLATINUM DIRECT,
STARLINE COMMUNICATIONS
INTERNATIONAL, INC., U.S.             Case No. 08-cv-11363
INTERSTATE DISTRIBUTING, INC.,
                                      HONORABLE STEPHEN J. MURPHY, III
      Plaintiffs,

v.

FIRST INDEPENDENCE BANK,

      Defendant.
                                         /

## **MEMORANDUM ORDER SELECTING APPLICABLE SUBSTANTIVE LAW**

The parties disagree on which state's law, Michigan or California, should apply to the claims in this matter, though neither have claimed that any difference in the applicable law is material and would dictate different outcomes in the case. Plaintiffs claim Michigan law applies to all of its claims because there is no other state with a substantial interest in applying its laws, and that this point defeats this federal court in Michigan (the forum state) from interest in applying anything but Michigan law. Defendant claims the court has a very minimal interest in applying the law of Michigan herein because Plaintiffs are not Michigan residents. Defendant also claims California law should apply because there is a choice of law provision in the contract Plaintiffs seek to take advantage of. The contractual provision states that California law "governs" the contract. For the reasons stated below, the Court will apply Michigan law to all claims in this case.

# DISCUSSION

In this diversity action, the Court applies the substantive law of the forum state, which includes the state's choice of law rules. *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009). Because suit was filed in Michigan, Michigan law presumptively applies. Plaintiffs allege tort and contract claims in their complaint. Under Michigan law choice of law rules, courts must apply the law of the forum unless a "rational reason" to do otherwise exists. *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286 (1997). In determining whether a "rational reason" exists for displacing Michigan law, a court undertakes a two-step analysis:

> First, [the court] must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Id.*

California is the only other state that potentially has an interest in having its law applied in this case. Defendant, seeking to have California law applied, has the burden of demonstrating why California law should displace Michigan law in this action. Defendant claims California has a strong interest in having its law applied because Plaintiffs are California corporations with principal places of business in California and because US Bankcard, the entity Plaintiffs allege facilitated the agreement with Defendant, is also a California company. Additionally, Defendant argues, California's interest in protecting its citizens "should be viewed as primary in this instance." Def. Mem. p. 3. Finally, Defendant argues that the only contact the lawsuit has with Michigan is that Defendant is a Michigan corporation located in Michigan.

The Court finds that Defendant has properly recognized the relevant contacts the lawsuit has with California, but has not demonstrated *why* California has any interest in having its law applied here. Having contacts with the state does not necessarily establish that a state has any interest in applying its law to a dispute. Furthermore, Defendant, while claiming that California law has an interest in "protecting" its citizens, has not demonstrated how applying California law in this instance would "protect" any of Plaintiffs. Defendant has failed to demonstrate how displacing Michigan law with California law would benefit Plaintiffs and protect them.

Even assuming California has *some* interest in having its law applied, however, the Court finds that, under the second step outlined in *Sutherland*, Michigan's interest in applying its own law is superior to any interest California could have in applying its law. Michigan has a strong interest in regulating the conduct of companies, especially banks, that hold a public trust, and which are chartered under its laws. Banks, specifically, are regulated by various state and federal regulations and the state under which the bank is chartered has a compelling interest in ensuring that the company follows its laws. Here, Plaintiffs allege that Defendant committed various tortious conduct in violation of Michigan law. Michigan, therefore, has a strong interest in ensuring that companies which it chartered are following its laws. Furthermore, a state always has an interest in conduct that occurs within its borders. *See Olmstead v. Anderson*, 428 Mich. 1, 30 n. 13 (1987). Since the alleged injury took place in Michigan, Michigan has an interest in applying its own law. Given Michigan's strong interest in applying its own law, the Court will not displace its application in this instance.

At first blush, Defendant makes a somewhat stronger, yet ultimately unpersuasive, argument in support of applying California law with respect to the contract claim.

3

Defendant claims that the contract upon which Plaintiffs base their breach of contract claim contains a choice of law provision. Specifically, Section 6.09 of the purported Merchant Agreement provides, in relevant part: "This Agreement shall be construed and governed by the laws in the State of California." Def. Mem. Ex. E.

As an initial matter, although Defendant claims that the choice of law provision requires that California law should apply to *all* claims in this action, the Court does not agree. If the choice of law provision is valid, it would only require the application of California law with respect to the claims regarding the "Agreement" in this case, which, in the Court's view, is only the breach of contract claim on trial. The remainder of the claims (conversion, unjust enrichment, innocent misrepresentation, negligence, fraud in the inducement, account stated, and money had and received) do not relate to enforcement of the Agreement.

Assuming the choice of law clause to be valid (and no party claims it is not), the Court must determine whether to follow it and apply California law here. Under Michigan law, the law of the state chosen by the parties to govern their contractual rights and duties will be applied unless: 1) there is no substantial relationship between the chosen state and the contract or other reasonable basis for the state's selection or 2) the application of the chosen state's law would violate a fundamental policy of a state which has a materially greater interest in the disputed issue and which would have supplied the governing law in the absence of the parties' selection. *Kipin Indus., Inc. v. Van Deilen Intern., Inc.*, 182 F.3d 490, 493 (6th Cir. 1999) (recognizing Michigan's adoption of Second Restatement of Conflicts of Law approach).

In this case, there is a reasonable basis for the California law selection, in that Plaintiffs are California companies (with principal places of business in California), as is

4

U.S. Bankcard, another party to the purported contract. Additionally, Plaintiff does not claim, nor does the Court find, that application of California law would violate a fundamental policy of Michigan, a state which has a materially greater interest applying its law to the contract dispute. Accordingly, neither exception to the general rule applies and the Court would normally apply California law to the dispute.

Although the court finds that California law would properly govern Plaintiffs' contract claims, the Court is not aware of any substantive difference between Michigan and California contract law as it would apply in this case. Neither party has discussed in their briefing any substantive difference between Michigan and California contract law such that the Court's instruction of the jury regarding Michigan contract law, instead of California contract law, would prejudice the Defendant in any way. On that basis, it is unclear why Defendant has raised the issue given the large number of other factual issues in this case.

It is the Court's inclination to instruct the jury on Michigan law across the board on all claims unless Defendant establishes that there is a material difference between Michigan and California contract law such that it should instruct the jury with California contract law on Plaintiffs' contract claims, but apply Michigan law with respect to all of Plaintiffs' remaining claims. The Court sees applying different substantive laws for different claims as unduly burdensome and confusing, especially in light of the lack of difference between California and Michigan contract law, and accordingly, the Court prefers to apply Michigan law to all claims. Indeed, absent any material differences in the law, the Court would confront a "false conflict" in which there is *no conflict* between the law of the two states. In such an instance the Court should simply apply the law of the forum state. *See Miller v. Airborne Express, Inc.*, No. 07-CV-11035, 2008 WL 2782921, *3 (E.D. Mich. July 17, 2008) ("[w]hen the law of the forum is nearly identical with the law of the site of the tort, the court

will apply the law of the forum"); *see also Williams v. Toys "R" Us*, No. 04-1978, 2005 WL 1655022, **5 (6th Cir. July 14, 2005) ("Because there is no conflict of laws (indeed this is a false conflict situation), we therefore conclude that the district court did not err in applying Michigan state law in this case.").

For the reasons stated above, the Court intends to apply Michigan law to all claims in this case. At the charge conference held at the close of all evidence, if Defendant can establish that this is not a false conflict situation, but rather that California's contract law is materially different than Michigan's contract law as it would apply in this case, the Court will consider instructing the jury using California law on the breach of contract claim only. Defendant is instructed to consider whether it would benefit from having California law applied here before bringing the issue before the Court at the charging conference. Without a substantial difference between California and Michigan law on the contractual claim, Defendant should consider consenting to the application of Michigan law to that claim.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: April 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2010, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager