UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE IMAGING, INC.,
d/b/a COMPUTER IMAGING SUPPLY
and MEDIA WAREHOUSE, AMERICAN
BILLING & COLLECTION, INC.,
d/b/a ABC PLATINUM DIRECT,
STARLINE COMMUNICATIONS
INTERNATIONAL, INC., U.S.
INTERSTATE DISTRIBUTING, INC.,

      Plaintiffs,

v.

FIRST INDEPENDENCE BANK,

      Defendant.
      _____/

Case No. 08-cv-11363

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO
COMPEL THE TESTIMONY OF RUSSELL LEVENTHAL AND
RICHARD SHAPIRO (docket no. 91), AND DENYING PLAINTIFFS'
MOTION TO QUASH TRIAL SUBPOENA OF RUSSELL LEVENTHAL (docket no. 96)**

Before the Court are two motions discussing the same issue: whether Russell Leventhal must testify pursuant to Defendant's trial subpoena.[1] Russell Leventhal is a corporate officer of plaintiff Allstate Enterprises. The bases of Plaintiffs' motion to quash the Leventhal subpoena are threefold: 1) Leventhal lives in California and Defendant failed to properly serve Leventhal with the subpoena, instead serving it on Plaintiffs' counsel; 2) Defendant has subpoenaed Leventhal solely for the purpose of harassment since Leventhal has no personal knowledge of any material issues in this case; and 3) Leventhal is outside the territorial jurisdiction of the Court so the subpoena must be quashed.

---

[1] Although Defendant also moved in limine to compel the testimony of Richard Shapiro, which it believed Plaintiffs would later move to quash, Plaintiffs have never moved to quash the Shapiro subpoena. Accordingly, the subpoena itself is sufficient to compel Shapiro to testify and the Court need not decide Defendant's motion to compel his testimony.

With respect to the service argument, Fed. R. Civ. P. 45(b) requires delivery of a copy of the subpoena to the named person. Defendant does not dispute that Leventhal was never personally served with the trial subpoena, but states that because Plaintiffs have served many subpoenas on Defendant's counsel for the appearance of many of Defendant's employees and former employees to which Defendant has not objected for lack of proper service, Plaintiffs should show Defendant the same courtesy here and not object to the lack of personal service with respect to Leventhal. The Court agrees. Accordingly, in equity, to the extent the parties have never objected to opposing counsel's service of a subpoena on counsel rather than the person actually subpoenaed, the Court will not now allow Plaintiffs to make that objection here at this stage of the litigation. The Court will uphold the course of dealing between the parties with respect to service of subpoenas will be upheld.

With respect to Plaintiffs' claim that Leventhal lacks personal knowledge, Plaintiffs raise it only as a side issue in its brief, and the Court finds it highly unlikely that Leventhal, as President of all Plaintiffs, has absolutely no knowledge of any material issue in this case. Defendant shall be permitted to call Leventhal as a witness as inquire as to his knowledge of material facts in this case.

Finally, Plaintiffs claim the subpoena must be quashed under Fed. R. Civ. P. 45(c)(3)(ii) because it requires Leventhal to travel more than 100 miles from where he resides, in California. Defendant claims, however, that this Rule requires the Court quash the subpoena of a person who is "neither a party nor a party's officer." *Id.* Defendant is correct. The majority of courts hold that the 100-mile limitation does not apply to high level employees of a corporation. *See Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J-33, 2006 WL 2598758, *2 (M.D. Fla. Sept. 11, 2006); *Ferrell v. IBP, Inc.*, No.

C98-4047, 2000 WL 34032907, *1 (N.D. Iowa Apr. 28, 2000) (citing cases). As President, Leventhal is a high-level employee and thus is not subject to the 100 mile limitation.

Plaintiffs also argue that if the Court does not quash the Leventhal subpoena, that Defendant should at least be prohibited from mentioning a certain consent decree issued by a federal court in California in the mid-1990's binding Allstate, and a personal injury lawsuit involving Leventhal as a defendant. The consent decree enjoined Allstate, along with Leventhal from making false representations to consumers regarding the sale of goods, and from violating any provisions of the Telemarketing Sales Rule, 16 C.F.R. § 310.

Defendant claims the decree is relevant to its defense that it could have had no contract with Allstate. The Merchant Card Processing Service Agreement, which is the relevant contract here, contains a clause stating that the Merchant agrees it has no legal actions pending which might jeopardize its ability to carry on business or which may adversely affect its financial condition. The consent decree was effective at the time Plaintiffs allege they contracted with Defendant and would fall under the "pending legal actions" clause of the Merchant Agreement. Plaintiffs state in response only that the consent decree is irrelevant to this action. Defendant's argument is persuasive; the consent decree is clearly relevant and the Court will not bar Defendant from questioning Leventhal about the consent decree.

With respect to the personal injury lawsuit, Defendant has agreed to withdraw the court documents as an exhibit, but reserves the right to use it if Plaintiffs deny that, as part of their business activities, they send or have sent in the past, envelopes containing sexually explicit materials through the U.S. Mail. The lawsuit involved a mother who sued Leventhal and his companies for negligence and intentional infliction of emotional distress in sending sexually explicit materials to her minor child. The district court granted Leventhal summary judgment and the Eighth Circuit affirmed per curiam. Since Defendant

has agreed to withdraw the exhibit and only use it for possible impeachment purposes, the Court will not rule here on Plaintiffs request. If the issue arises at trial, the Court will address it at that time.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion in limine to compel the testimony of Richard Shapiro and Russell Leventhal (docket no. 91) is **GRANTED** insofar as it seeks to compel the testimony of Leventhal. It is **DENIED as moot** insofar as it seeks to compel the testimony of Shapiro**.** For the same reasons, Plaintiffs' motion to quash the subpoena of Russell Leventhal (docket no. 96) is **DENIED.** The Court will rule on Defendant's ability to impeach Leventhal with the personal injury lawsuit documents if an when the issue arises at trial.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

4